IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FILED'06 JUL 12 06:48USDC-ORE

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Civ. No. CV 06- 6045-TC |
| Plaintiff, | |
| v. | CONSENT DECREE OF PERMANENT INJUNCTION |
| **DANIEL J. TANNER,** | |
| Defendant. | |

## CONSENT DECREE OF PERMANENT INJUNCTION

The United States of America, Plaintiff, having filed a Complaint for Injunction against Defendant Daniel J. Tanner, an individual, and Defendant having been served with process on March 28, 2006, and having appeared and consented to the entry of this Decree in settlement of the injunctive action, without admitting the allegations in Plaintiff's complaint, and the United States of America having consented to this Decree in settlement of the injunctive action:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

I. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331, 1337, and 1345 and 15 U.S.C § 1267(a) and has personal jurisdiction over Defendant. Venue in this district is proper under 28 U.S.C. § 1391(b).

II. The Complaint for Injunction states a claim for relief against Defendant under the Federal Hazardous Substances Act ("FHSA"), 15 U.S.C. § 1261 *et seq.*, and the regulations issued thereunder.

PAGE 1 – CONSENT DECREE OF PERMANENT INJUNCTION

III.  For purposes of this Decree, the following definitions shall apply:

A.  "Oxidizer" means potassium chlorate, sodium chlorate, potassium perchlorate, sodium perchlorate, potassium nitrate, sodium nitrate, potassium permanganate, or ammonium nitrate.

B.  "Fuel" means aluminum and aluminum alloys, magnesium, magnesium/aluminum alloy (magnalium), antimony sulfide, antimony trisulfide, potassium benzoate, sodium benzoate, sodium salicylate, sulfur, titanium, zinc, zirconium, or zirconium hydride.

C.  "Defendant" means Daniel J. Tanner, whether doing business under the name Skylight High Explosives, Inc., Skylight High Explosives Corp., Skylight Company, Tannerite Company, Tannerite Explosives Corp., Tannerite Binary Exploding Target Company, or any other name, and each of his current and future directors, officers, agents, employees, servants, attorneys, successor corporations, and those persons in active concert or participation with him.

D.  "Banned hazardous substances" have the meaning set forth at 15 U.S.C. § 1261(q)(1), and include "[f]ireworks devices intended to produce audible effects (including but not limited to cherry bombs, M-80 salutes, silver salutes, and other large firecrackers, aerial bombs, and other fireworks designed to produce audible effects, and including kits and components intended to produce such fireworks) if the audible effect is produced by a charge of more than 2 grains of pyrotechnic composition. . . ."  16 C.F.R. § 1500.17(a)(3).  They also include "[f]irecrackers designed to produce audible effects, if the audible effect is produced by a charge of more than 50 milligrams (.772 grains) of pyrotechnic composition  . . .  including kits and components intended to produce such fireworks . . . ."  16 C.F.R. § 1500.17(a)(8).

PAGE 2  –  CONSENT DECREE OF PERMANENT INJUNCTION

IV.  Defendant is hereby permanently restrained and enjoined from participating in any transaction that involves selling, giving away, holding for sale, facilitating the distribution of or otherwise distributing any oxidizer, fuel, fuse, tubes, or end cap.  During any period of time that Defendant holds a valid permit or license under 18 U.S.C. § 843, this paragraph shall not be deemed to affect the privileges or requirements of such a permit or license.  Moreover, this paragraph shall not be deemed to apply to any consumer fireworks (also known as 1.4G fireworks or Class C fireworks) as well as Tannerite Exploding Rifle Targets where such fireworks and targets are fully compliant with 16 C.F.R. Parts 1500 and 1507.

"Tannerite Exploding Rifle Target" means the type of product that Defendant sent to the Consumer Product Safety Commission ("CPSC") on May 8, 2006, which CPSC maintains under CPSC Sample Number 06-420-7963.  Accordingly, for purposes of this Decree, the oxidizer in a Tannerite Exploding Rifle Target shall consist of no more than 5% potassium perchlorate, no more than 10% potassium nitrate, and no more than 85% ammonium nitrate.  Of this oxidizer, at least 75% must be retained on a 16-mesh sieve and no more than 5% shall pass through a 100-mesh sieve.  In addition, the fuel in a Tannerite Exploding Rifle Target shall consist of no more than 80% aluminum, no more than 10% titanium, and no more than 10% zirconium hydride.

V.  Defendant is hereby further permanently restrained and enjoined from violating 15 U.S.C. § 1263(a) by selling, giving away, facilitating the distribution of or otherwise distributing any item where Defendant knows or has reason to believe that the recipient intends to use such item as a component of banned hazardous substances.

PAGE 3 – CONSENT DECREE OF PERMANENT INJUNCTION

VI.    To ensure continuing compliance with the terms of this Decree, investigators with the United States Consumer Product Safety Commission ("CPSC") shall be authorized to make inspections, at their discretion and without prior notice, of Defendant's facilities and records therein, and to take samples, copies of documents, and photographs.  Such inspection authority granted by this Decree is apart from and in addition to the authority to make inspections under 15 U.S.C. §§ 1270 and 1271.  Such inspections shall be authorized upon presentation of a copy of this Decree and government credentials.  During any such inspections, Defendant shall cooperate fully with the CPSC investigators by, among other things, promptly providing any investigator with all requested documents and immediate access to any of Defendant's facilities.

VII.    If Defendant violates this Decree and is found in civil or criminal contempt thereof, Defendant shall, in addition to other remedies, reimburse plaintiff for its attorney fees (including overhead), investigational expenses, and court costs relating to any contempt proceedings.

VIII.    This Court retains jurisdiction of this action for the purposes of enforcing or modifying this Decree and for the purpose of granting such additional relief as hereafter may be necessary or appropriate.

Dated this _10th_ day of _July_, 2006.

_____
UNITED STATES DISTRICT JUDGE

PAGE 4 – CONSENT DECREE OF PERMANENT INJUNCTION

We hereby consent to entry of the foregoing Decree.

FOR THE PLAINTIFF:                        FOR THE DEFENDANT:

KARIN J. IMMERGUT
United States Attorney
District of Oregon

PETER D. KEISLER                          DANIEL J. TANNER, individually
Assistant Attorney General                (Pro se)
United States Department of Justice

By: NEIL J. EVANS, OSB #96551
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2904
Tel.: (503) 727-1053
Fax: (503) 727-1117
neil.evans@usdoj.gov

By: JENNIFER E. GRISHKIN
Trial Attorney
United States Department of Justice
Office of Consumer Litigation
P.O. Box 386
Washington, D.C.  20044
Tel.: (202) 514-9471
Fax: (202) 514-8742
jennifer.grishkin@usdoj.gov

OF COUNSEL:

PAGE C. FAULK
General Counsel
U.S. Consumer Product Safety Commission

PATRICIA E. KENNEDY
Attorney
U.S. Consumer Product Safety Commission
Bethesda, MD  20814-4408

PAGE 5 – CONSENT DECREE OF PERMANENT INJUNCTION